UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DIANE KROCK,**

    **Plaintiff,**

v.                                                          Case No: 5:12-CV-516-Oc-34PRL

**TOYOTA MOTOR CORPORATION,**
**TOYOTA MOTOR SALES, U.S.A., INC.**
**and DOES 1-10**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 3), which the Court construes as a Motion for Leave to Proceed *In Forma Pauperis*. On October 29, 2012, the Court deferred ruling on Plaintiff's Motion, noted specific deficiencies in the Complaint, and directed Plaintiff to file an amended complaint no later than November 19, 2012. (Doc. 5). Subsequently, the Court granted two extensions, and ultimately, Plaintiff's amended complaint was due on January 18, 2013. (Docs. 7, 10). Plaintiff has failed to file an amended complaint and her time for doing so has passed. Accordingly, for the reasons discussed below it is respectfully recommended that Plaintiff's Motion (Doc. 3) be **DENIED** and her Complaint (Doc. 1) be **DISMISSED without prejudice**.

Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis,* the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review Plaintiff's Complaint to determine whether her claims have merit or whether the Complaint should be dismissed on some other

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

ground. Section 1915(e) provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action is frivolous or fails to state a claim upon which relief may be granted. Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even a *pro se* litigant must allege the essential elements of the claims for relief. *Tigner v. Internal Revenue Service*, No. 1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. March 24, 2000). Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief."

    Here, even viewing the Complaint in the light most favorable to Plaintiff and liberally construing the allegations, the undersigned concludes that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff alleges that she was permanently disabled when her Toyota Camry, through a "sudden unintended acceleration" ("SUA"), crashed into a truck. Plaintiff also alleges that she brought safety concerns about the vehicle to the attention of a Toyota dealership. However, the Court is uncertain specifically what claims Plaintiff is attempting to assert. Plaintiff says that she is pursuing the following: "negligent infliction of emotion distress, deceptive business practices, fraud by concealment, and unjust enrichment." Yet, Plaintiff also mentions negligence, false advertising, the California Consumer Legal Remedies Act ("CLRA"), and the Americans with Disabilities Act ("ADA"). The Court is unclear (i) how the CLRA and ADA apply here and Plaintiff provides no guidance; (ii) <u>when</u> the events took place (e.g., the crash, complaints to the dealership, and when the SUA problem began or occurred); (iii) <u>who</u> Plaintiff is suing (she mentions Toyota and a dealership); and (iv) <u>which claims</u> apply to which defendant(s) (who Plaintiff is suing for what).

As such, Plaintiff's narrative does not contain a short plain statement of the claim as required by Rule 8, Fed. R. Civ. P.  Nor does it delineate the alleged claims into counts or an organized manner.  The complaint must identify each of the laws Plaintiff claims that each one of Defendants violated in <u>separate</u> counts of the complaint, and <u>for each count</u>, identify in separate numbered paragraphs the pertinent facts which support the contention that the defendant acted in violation of the law.

<u>Because of these deficiencies, on October 26, 2012, the Court directed Plaintiff to file an amended complaint, which Plaintiff failed to do.</u>  Plaintiff was advised that her failure to comply with the Court's Orders (*see* Docs. 5, 10) would result in a recommendation that Plaintiff's Motion be denied and her Complaint be dismissed.  Although the docket reflects that the Clerk sent the Court's Orders to Plaintiff by mail, (as previously stated) Plaintiff has failed to respond and her time for doing so has passed.  Consistent with its inherent power to achieve orderly and expeditious disposition of cases, a federal court can act *sua sponte* to dismiss an action based on a plaintiff's failure to prosecute[2] or her failure to comply with a court order.[3]

Accordingly, Plaintiff's Motion (Doc. 3) should be denied and her Complaint (Doc. 1) dismissed because Plaintiff has failed to state a cause of action, failed to prosecute this action, and failed to comply with the Court's Orders.

---

[2] *See In re Mroz*, 65 F.3d 1567, 1575 n.9 (11th Cir. 1995) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). In *Chambers*, the United States Supreme Court discussed a federal court's inherent power to control proceedings and acknowledged that "[i]t has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers*, 501 U.S. at 43 (quoting *United States v. Hudson*, 11 U.S. (7 Cranch) 32 (1812)); *see also Clark v. James*, 794 F.2d 595, 597 (11th Cir. 1986) (dismissing of civil action for want of prosecution); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (same).

[3] *See Jones v. Graham*, 709 F.2d 1457, 1462 (11th Cir. 1983) (failing to comply with court order and local rules and clear record of delay demonstrating lack of prosecution warranted dismissal with prejudice); *see also Boron v. W. Tex. Exports, Inc.*, 680 F. Supp. 1532 (S.D. Fla. 1988).

<u>**RECOMMENDATION**</u>

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion (Doc. 3) be **DENIED**, Plaintiff's Complaint (Doc. 1) be **DISMISSED without prejudice,** and the **Clerk be directed** to close the file.

**IN CHAMBERS** in Ocala, Florida on January 23, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

    The Honorable Marcia Morales Howard
    Unrepresented Parties
    Counsel of Record